## 10551

### McRAE v. BOWSER & CO.

#### (105 S. E. 411.)

1. PAYMENT—PAYMENT BY SURETY RELIEVES DEBTOR AS AGAINST PRINCIPAL.—In agent's action for commissions in selling goods, defendant could not counterclaim for money collected and withheld by agent, where the amount of money so withheld had been paid to defendant by the surety on the agent's bond.

2. APPEAL AND ERROR—REFUSAL OF AMENDMENT TO ANSWER HELD NOT PREJUDICIAL.—In agent's action for commissions on sales of goods, where defendant claimed that agent had withheld money collected for defendant, but where defendant had been reimbursed by agent's surety, for the amount so withheld, refusal to permit defendant to amend answer by setting up counterclaim for amount withheld was harmless, where agent had assigned the judgment recovered against defendant to surety to protect from loss by reason of the payments to defendant.

3. EVIDENCE—EVIDENCE HELD SUFFICIENT FOR ADMISSION OF BOND IN
EVIDENCE.—In agent's action for commissions for selling goods, evi-
dence that the agent had agreed to give a surety bond, and that, fol-
lowing the surety's payment to defendant of loss sustained, on agent's
withholding of money collected, the agent promised to reimburse the
surety company for the money so paid, *held* sufficient for admission
of bond in evidence, though the agent had not personally signed it.

4. APPEAL AND ERROR—APPELLANT MUST SHOW EXCLUSION OF EVIDENCE
TO HAVE BEEN PREJUDICIAL.—Exclusion of evidence to constitute
ground for reversal must be shown to have been prejudicial, by appel-
lant.

5. APPEAL AND ERROR—FAILURE TO PRODUCE BOOKS ON NOTICE PRECLUDES
COMPLAINT OF INDEFINITE CHARACTER OF EVIDENCE.—In agent's action
for commissions for selling goods, wherein defendant was given notice
to produce its books and accounts, defendant, after refusal to pro-
duce its books, could not complain as to the indefinite nature of
plaintiff's evidence as to the amount of the sales.

Before TOWNSEND, J., Richland, ―――― term, 1920. Af-
firmed.

Action by Duncan S. McRae against S. F. Bowser & Co.
From judgment for plaintiff, the defendant appeals.

*Messrs. Barron, McKay, Frierson & McCants,* for appel-
lant, cite: *Amendment to answer to conform to proof should
have been allowed:* Code Proc. 1912, sec. 224.

*Messrs. Tompkins, Barnett & McDonald,* for respondent.
Oral argument.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff sued defendant on two causes of action for com-
missions alleged to be due and owing to him by defendant
on sales of defendant's goods made by plaintiff as defend-
ant's agent.

In the first cause of action he alleged that in 1917 he made
sales aggregating $26,000, on which he was entitled to a

commission of 10 per cent. and prayed for judgment for $2,600, with interest thereon from October 4, 1917.

In the second cause of action he alleged that, in February, 1918, he made a contract with defendant, whereby he had the exclusive right to sell defendant's goods in certain territory on certain specified commissions, which varied according to the kind and quantity of the goods sold, and that he was to have the commissions on all goods sold ·by other agents of defendant in said territory, and that the commissions on sales made by him and by other agents of defendant in his territory amounted to $2,500, for which sum, with interest thereon from September 1, 1918, he prayed for judgment.

Defendant's answer was a general denial of the allegations of the complaint, except as thereinafter admitted; and for further answer, defendant alleged that it had accounted to plaintiff for all commissions owing to him, and alleged that it owed him nothing; and for a further defense and answer, defendant alleged that plaintiff, as principal, and Southern Surety Company, as surety, had executed and delivered to defendant an indemnity bond, conditioned for the faithful accounting by plaintiff to defendant for all money collected by plaintiff for defendant while plaintiff was in the employ of defendant; that plaintiff had collected for defendant $3,665.78, which he failed, on demand, to account for, and that the surety company had on demand, paid said sum to defendant, and that, as the surety company was thereby subrogated to whatever rights plaintiff had against defendant for commissions due to him, defendant ·had paid to the surety company $1,507.94; which sum it was due and owing to plaintiff, and, therefore, defendant owed plaintiff nothing.

On these pleadings, the parties went to trial. Plaintiff introduced a notice which had been served on defendant, to produce at the trial all books, papers, and other records

showing the sales made and commissions earned by him. Defendant failed to produce any books or accounts of the transaction between plaintiff and itself. Thereupon plaintiff testified, in a general way from memory and certain memoranda·which he produced and put in evidence, as to the sales made and commissions earned by him, and his testimony was quite sufficient to support the verdict which the jury found in his favor. Defendant offered no testimony to prove the allegations of the answer, except a bond in the sum of $1,000 indemnifying defendant against loss by the acts of plaintiff while employed by defendant. The bond purported to have been signed by Southern Surety Company, but was not signed by plaintiff. It was excluded by the Court on the ground that there was no evidence connecting plaintiff with the bond.

During the course of his testimony, plaintiff stated that, when defendant refused to pay him the commission which he claims in the first cause of action, he collected about $2,200 from customers to whom he had made sales of defendant's goods, and retained that amount as a creditor in possession, until the defendant would pay his said commissions; that he was notified by the surety company before this suit was brought that they had paid defendant the amount which he had collected, and that he promised the surety company to pay it back to them as soon as he could get a settlement with defendant. And it was admitted by defendant's attorney at the hearing in this Court that plaintiff had assigned the judgment recovered against defendant to the surety company to secure the payment of all moneys of defendant which he had collected and failed to pay over.

As to the $1,507.94 which defendant admitted it owed plaintiff, but paid to the surety company, the Court ruled that it was not available to defendant as a defense to plaintiff's cause of action not even *pro tanto,* because there was no testimony that plaintiff authorized payment thereof to

the surety company, and none that that company had any right to collect it.

Thereupon, defendant's attorney moved to be allowed to amend the answer to conform to the evidence. Plaintiff's attorney objected on the ground that that would be changing the defense, and the Court ruled that the motion came too late. The first exception is that the Court erred in refusing defendant's motion to amend the answer, so as to set up a counterclaim for the $2,200 which plaintiff admitted that he collected and failed to pay over to defendant. A sufficient answer to that exception is that the record fails to show any such motion was made. The only motion that was made was "to amend the answer to conform to the testimony," and that came in response to the remarks of the Court about the $1,507.94, as to which answer was in exact conformity with the testimony. But, assuming that all parties and the Court below understood that the motion was to be allowed to set up a counterclaim for the $2,200, there was no error in refusing the motion, not on the ground upon which it was refused, but because defendant's answer showed that the money had been paid to defendant's answer showed that the money had been paid to no longer owed that money to defendant, but to his surety, and defendant had no right to counterclaim for it. Besides, no one can be hurt by the refusal of the motion, because the judgment has been assigned to the surety company to protect it for the payment of that very sum.

The second exception assigns error in excluding the bond. As plaintiff's contract showed that he had agreed to give a surety bond, and as he testified that he had agreed with the surety company to reimburse it for the money which it had paid to defendant as his surety on the bond, we think there was sufficient evidence to connect plaintiff with the bond that was offered in evidence, and that it might well have been admitted so far as the objection

goes.   But appellant has failed to show wherein its exclusion was prejudicial, and, therefore, it affords no ground for reversal.

The third and last exception assigns error in refusing defendant's motion for a new trial on the ground that plaintiff's claim for commissions in the second cause of action had not been proved with sufficient definiteness.   Defendant had in his possession the books and accounts by which the exact amount due to plaintiff could have been shown.   But it refused to produce them at the trial, after notice to do so, and after notice that, on its failure to do so, plaintiff would resort to secondary evidence.   In the circumstances, plaintiff adduced the best evidence he could, and defendant cannot now be heard to complain that it was indefinite, when defendant refused plaintiff's request to produce the evidence in its possession, which would have been definite.

Judgment affirmed.

Messrs. Justices Watts and Fraser concur.

Mr. Chief Justice Gary and Mr. Justice Gage were absent on account of sickness, and took no part in this decision.