18423

The STATE, Respondent, v. Tom L. WILSON, Appellant

(145 S. E. (2d) 20)

*John Bolt Culbertson, Esq.,* of Greenville, *for Appellant,*

*George F. Coleman, Esq., Solicitor,* of Winnsboro, *for Respondent,*

November 15, 1965.

Bussey, Justice.

The appellant was convicted and sentenced under a rather lengthy indictment which, in substance, charged that appellant as Clerk of Court of York County, did receive into his hands and/or his office certain monies, the property of York County, and did willfully and wrongfully, in violation of public trust, fail to account for said monies, and did fail to pay over said monies to the Treasurer of York County. The indictment contained a single count, supported, however, by approximately two hundred twenty-three specifications. The specifications involved fines in some nineteen criminal cases, totaling approximately the sum of $6,615.00, and some one hundred eighty-nine items of fees or court costs, aggregating approximately $1,466.00, all of which sums of money al-

legedly were either collected by appellant or paid into his office.

Appellant's exceptions here are two. The first exception contends that the trial judge erred in overruling the appellant's motion to require the State to elect whether the indictment was laid under the common law or under statutory provisions. Somewhat conversely, it is also asserted by the first exception that it was error for the trial judge to charge any statutory provisions to the jury, since the State consistently insisted that its position was that the offense of official misconduct was a common law offense.

The indictment did not refer to any specific Code Section or Sections alleged to have been violated, but did allege in general terms that the conduct of appellant was in violation of law. No motion to quash, or otherwise, was made with respect to the indictment, and the same was not demurred to. It is not contended that the indictment did not charge an offense under the common law. The record shows quite clearly, we think, that no motion was made to require the State to elect. Upon the call of the case for trial, counsel for appellant stated that it was counsel's understanding that the indictment charged an offense under Code Section 50-8 of the 1962 Code of Laws of South Carolina and that it was his further understanding that appellant was charged with one count of official misconduct under the said Code Section. In response thereto, the solicitor agreed that the indictment contained only one count, but stated that the State was proceeding on the theory "that official misconduct was a common law offense" and that the mentioned Code Section had no application insofar as the theory of the State's case was concerned.

The only real contention of the appellant raised under the first exception is, that since the State was proceeding under the common law, it was error for the trial judge to charge the jury any statutory provisions whatsoever.

The trial judge charged the jury the provisions of Code Sections 14-3624, 15-1782 and 15-1785, appertaining to the duties of the appellant, as Clerk of Court, in connection with fees and fines collected by him, omitting, however, any reference to the penalty expressly provided in Section 15-1785 for the violation of that particular section. He also, with the express approval of counsel for appellant, charged the portion of Code Section 50-8 which fixes the penalty for the crime of "official misconduct."

At the conclusion of the charge, the trial judge gave the appellant an opportunity, pursuant to Section 10-1210 of the Code, to express any objections to the charge as made, or to request any additional instructions, and no request or objection was voiced. The appellant having voiced no objection and requested no amplification or clarification of the charge, it is now too late to complain. *State v. Hyder,* 242 S. C. 372, 131 S. E. (2d) 96; *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270; *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873.

Since appellant here is represented by counsel appointed by this Court to perfect the appeal for appellant, rather than by the able counsel representing the appellant on trial, we add that we see no prejudicial error in the charge of the trial judge. Whether appellant was guilty of any official misconduct, had to be determined in the light of what his duties were under the law.

Appellant's other exception imputes error to the trial court in admitting, into evidence, certain receipts and canceled checks, in connection with the payment of fines in the case of Raymond Lytle, over objection, on the ground that such receipts and canceled checs did not bear the appellant's signature.

Raymond Lytle was sentenced in the Court of General Sessions for York County at the May 1960 term, to pay two fines totaling $900, or in lieu thereof, to serve certain sentences. The total amount of these two fines, according to the

evidence for the State, was paid. Offered in evidence were four receipts, all purporting to be official receipts of the appellant, totaling the sum of $800. The first receipt in point of time, in the amount of $300, is not here in issue. Three receipts totaling $500 are still involved. These receipts were official receipts from the office of appellant, the signature thereon being, "Tom L. Wilson", followed by a small "c". The undisputed evidence is that such receipts were signed by appellant's deputy clerk of court.

The balance of the fines of Raymond Lytle, in the amount of $100, was according to the State's evidence, paid by two checks of $50 each, signed by Etta Lytle, who is the wife of Raymond Lytle. Each of the checks was payable to the appellant, stamped "cashed" by the drawee bank, and contained on the back thereof a stamped endorsement as follows: "Pay to the order of Bank of York, S. C., Clerk of Court, York County, S. C., C. C. C. Pls., Tom L. Wilson".

There was undisputed evidence in behalf of the State that these checks were mailed to appellant and that the stamped endorsement was placed on said checks by the stamp customarily used in the office of the appellant.

The official records of the appellant's office showed the receipt and entry of $800 of the total amount due by Raymond Lytle on the two fines. The sum of $100, apparently the proceeds of the checks just above mentioned, was not entered on his records as being received. Of the total amount of money paid by or on behalf of Raymond Lytle, only the sum of $300 was timely paid to the Treasurer of York County by appellant in accordance with the applicable law. Such payment followed the receipt signed personally by appellant and that particular item was excluded from the case on the trial below.

We do not think it was necessary for either the receipts or the canceled checks, under all the circumstances, to bear the personal signature of the appellant in order to render them properly admissible in evidence. Both

the receipts and the canceled checks were offered as corroborative of other evidence on behalf of the State, that the total amount of the fines due by Raymond Lytle actually had been paid. The receipts and the endorsements on the canceled checks purported on the face thereof to be official acts of the appellant, and there is evidence to the effect that they were actually the authorized acts of one or more of his deputies. Aside from any presumption as to the authenticity (in which connection see Wigmore on Evidence, Vol. VII, Section 2164), even purely private writings may be sufficiently authenticated by circumstantial evidence to warrant their admission in evidence. In 20 Am. Jur. 783, Evidence, Section 930, it is stated,

"The proof of authenticity required preliminary to the introduction of an instrument in evidence need not be direct proof. Authenticity of documentary evidence may be shown, so as to render it admissible in evidence, by indirect or circumstantial evidence—that is, by facts and circumstances from which the jury may infer the execution of the documents."

In any view of the law, we think, the evidence here quite sufficiently connected the appellant with the documents to warrant their admission into evidence. Cf. *McRae v. S. F. Bowser & Co.,* 115 S. C. 262, 105 S. E. 411. Additionally, we might add that with respect to the questioned receipts, the appellant cross examined the witness Raymond Lytle thereabout without any reservation of his objection to the admission thereof.

We conclude that the exceptions of the appellant are without merit and the judgment of the lower court is accordingly,

Affirmed.

TAYLOR, C. J., LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.